IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TYRONE MCNEIL, )
)
Petitioner, )
) 1:11CV409
v. ) 1:08CR305-1
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tyrone McNeil, a federal prisoner, has brought a Motion (Docket Entry 41)[1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was indicted on one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Docket Entry 1.) He later pled guilty to the distribution count, with the possession count being dismissed as part of the Plea Agreement (Docket Entries 9 and 25.). Petitioner was sentenced to 188 months of imprisonment. (Docket Entry 25.) Following an unsuccessful attempt at a direct appeal, Petitioner filed his current Motion under § 2255. Respondent has filed a Response (Docket Entry 50) asking that the Motion be denied. Despite being advised of his right to file a Reply, Petitioner has not done so. The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

[1] This and all further cites to the record are to the criminal case.

## Petitioner's Claims

Petitioner sets forth two potential claims. The first is that his attorney provided ineffective assistance by allowing the Government to have Petitioner sentenced based on a disparate ratio between cocaine base and powder cocaine and based on his status as a career offender. His second claim alleges that the Government abused its discretion in not seeking a downward departure based on substantial assistance and that the Court also abused its discretion by not departing downward or forcing the Government seek the departure.

## Discussion

Petitioner's first claim for relief is based on allegations of ineffective assistance of counsel. To prove ineffective assistance, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner's initial claim is premised partially on the contention that it was improper to sentence him as a career offender under USSG § 4B1.1. At various points in his Memorandum (Docket Entry 42) supporting his § 2255 Motion, he faults the Government, his attorney, and the sentencing judge for applying or allowing the application of that sentencing provision. Petitioner's argument on this point is not entirely clear, but it appears to be that the Government promised in the Plea Agreement not to enhance his sentence by filing one or more informations of prior conviction under 21 U.S.C. § 851. Petitioner feels it was then unfair or improper for the Government to later increase his sentence by relying on the career offender provision of the United States Sentencing Guidelines, as well as the provisions which imposed a higher penalty for cocaine base than for powder cocaine.

Petitioner is simply incorrect. Nothing in the Plea Agreement, either explicitly or implicitly, prevented the Government from relying on any provision of the Guidelines. The Government did promise not to enhance Petitioner's sentence under § 851 and it promised to recommend a third level of reduction under the Guidelines for acceptance of responsibility if Petitioner qualified for two levels of reduction. Petitioner does not even allege that the Government did not comply with these promises. Instead, he seeks to impose a promise that the Government did not make, which is not permissible. Further, it was not an abuse of discretion by the sentencing judge to apply the Guidelines as allowed by the Plea Agreement. More importantly, counsel's performance did not fall below a reasonable standard for defense attorneys because he failed to make a frivolous objection. Counsel's failure to object also could not have prejudiced Petitioner. Petitioner's claim on this point should be denied.

Petitioner also contends that counsel should have objected to the fact that the Guidelines provided for a higher sentence for cocaine base than for cocaine powder. In fact, the record reveals that counsel did raise an argument on this basis. That argument was simply rendered irrelevant by the sentencing judge who stated that he would have given Petitioner the same 188-month sentence even if the sentences for cocaine base and powder were the same. (Docket Entry 37 at 23-24, 26, 29.) The error alleged by Petitioner did not occur. Further, given the sentencing judge's clear position on the point, nothing more that counsel did or did not argue regarding the drug ratio could have changed the outcome.

Finally, Petitioner alludes in his Supporting Memorandum (Docket Entry 42 at 5-6) to the possibility that he may suffer from some mental illness or behavioral disorder that could have justified a downward departure as to his sentence. In particular, he appears to disagree with the Presentence Report's conclusion that he did not suffer from such problems. However, Petitioner has produced absolutely nothing to show that he did suffer from a mental illness or behavioral disorder. To the extent that Petitioner is attempting to raise a claim on this allegation, it is entirely conclusory. Certainly, he has not demonstrated that there was any basis for counsel to make any argument on this point. As to this and all of Petitioner's ineffective assistance of counsel claims, Petitioner has shown neither deficient performance by counsel nor any prejudice. This claim should be denied.[2]

---

[2] As set out in the Government's Response, Petitioner's Plea Agreement included a waiver of rights which would preclude most claims for relief on collateral review. However, because Petitioner's claims so clearly fail on their merits, the possible application of that waiver to his claims need not be discussed.

4

Petitioner's second claim for relief contends that the Government engaged in prosecutorial misconduct because it did not file a motion for downward departure based on substantial assistance. Petitioner also claims that the sentencing judge abused his discretion by not departing or, perhaps, by not compelling the Government to file a motion for downward departure. Petitioner has provided no evidence which would support the filing of a motion for downward departure based on substantial assistance. Therefore, this claim is entirely conclusory and would fail for that reason alone. Furthermore, Petitioner's assistance was discussed by the parties at length during his sentencing. As was noted by the Government, his attempts at assistance were not sufficient to rise to the level that would allow the filing of a substantial assistance motion. However, the Government did credit Petitioner's attempts at assistance in negotiating his plea agreement. (Docket Entry 37 at 23, 25.) Petitioner derived a substantial benefit at sentencing from this. Petitioner has produced nothing to show any misconduct by the Government, nor any abuse of discretion by the sentencing judge. His second claim for relief should also be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to vacate, set aside or correct sentence (Docket Entry 41) be denied and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

March 28, 2013